# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

EDWARD HUNTER BENSON,

            Plaintiff,

v.

JUDGE HARRY POWZEK; SUPERIOR
COURT OF CALIFORNIA, COUNTY
OF SAN DIEGO; BRIANNA DAVIS,
ATTORNEY; SHELBY SUTCLIFFE
BENSON,

            Defendant.

Case No.:  24-cv-2436-BEN-DDL

**ORDER DISMISSING WITHOUT PREJUDICE**

## I.    INTRODUCTION

Plaintiff brings this action against Superior Court Judge Jarry Powazek, his former spouse, Shelby Sutcliffe Benson, and her counsel, Brianna Davis, for violations of constitutional and statutory rights during family court proceedings in the Superior Court of California, County of San Diego.[1]  Plaintiff alleges that during the family court proceedings Defendants denied him due process, failed to accommodate his disability under the Americans with Disabilities Act ("ADA"), and engaged in improper *ex parte*

---

[1] *Benson v. Benson*, Case No. 23FL001293N.

communications.  Plaintiff seeks monetary damages, injunctive relief, and attorney's fees under federal civil rights laws and the ADA.  This action relates to two pending cases arising from the same factual circumstances: *Benson v. Torres*, No. 3:24-cv-02424-BEN-DDL and *Benson v. Stackhouse*, No. 3:24-cv-02428-BEN-DDL.[2]

## II.    LEGAL STANDARD

*Younger* abstention is grounded in a "longstanding public policy against federal interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971).  Under *Younger*, federal courts "[preserve] respect for state functions" such that the national government protects federal rights and interests in a way that will not "unduly interfere with the legitimate activities of the state[].'" *Id.* at 44.  Pursuant to *Younger*, a federal court may, and usually should, abstain from hearing a case in which a state civil action is proceeding and where the federal action implicates a state's interest in enforcing the orders and judgments of its courts.  *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (citing *ReadyLink Healthcare, Inc. v. State Comp Ins. Fund*, *Hoye v. City of Oakland*, 653 F.3d 835, 843 n.5 (9th Cir. 2011) (citation omitted).

A "five-prong test" is used to determine "whether a civil case *Younger*-eligible." *Seattle Pac. Univ. v. Ferguson*, 104 F. 4th 50, 63 (9th Cir. 2024).  *Younger* abstention is appropriate when the state proceedings: (1) are ongoing; (2) are quasi-criminal enforcement actions *or* involve a state's interest in enforcing the orders and judgments of its courts; (3) implicate an implicate an important state interest; (4) allow litigants to raise federal constitutional challenges; and (5) when the federal action would have the practical effect of enjoining the state proceedings.  *Yelp Inc. v. Paxton*, 137 F. 4th 944, 951 (9th Cir. 2025) (quoting *ReadyLink Healthcare*, 754 F.3d at 759).[3]

///

---

[2] Plaintiff's claims for money damages are frivolous or fanciful and implausible.

[3] There are exceptions for a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief," and the exceptions are narrow. *Yelp, Inc*., 137 F.4th at 951 (quoting *Younger*, 401 U.S. at 54).

### III.    DISCUSSION

The Complaint asserts claims for declaratory, injunctive, and monetary relief arising under 42 U.S.C. § 1983; 42 U.S.C. § 121; the Bane Act; and California Civil Code § 52.1.   (*see* ECF No. 1 at 1).

Plaintiff's claims fall squarely within the bounds of the *Younger* abstention doctrine.  They are subject to the doctrine for the following reasons: (1) the divorce case is ongoing in state court;[4] (2) the Plaintiff is seeking injunctive relief from a federal court that would interfere with the enforcement of a state court order; (3) divorce and family law proceedings are considered important state interests; and (4) the state trial and appellate courts provide an adequate forum to hear constitutional claims.

As to the fifth prong, the fifth prong is met when the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceedings.  *Yelp Inc*., 137 F.4th at 951.  This federal action would have a practical effect of enjoining the underlying state court proceeding because if injunctive relief were obtained, it would undermine the ongoing divorce and child custody case. Indeed, that is precisely the effect the Plaintiff intends to achieve.  Thus, the fifth prong is also easily met.  Lastly, none of the *Younger* exceptions apply here.

Therefore, this Court abstains from exercising jurisdiction over this case.  *Moore v. Sims*, 442 U.S. 415, 435 (1979) (district court should have abstained and dismissed where state court family relations case was proceeding); *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004) (*en banc*) (*Younger* principles counsel federal court abstention).

///

///

///

---

[4] "[T]he date for determining whether *Younger* applies is the date the federal action is filed." *Matrai v. Hiramoto*, No. 21-15084, 2021 U.S. App. LEXIS 33610, 2021 WL 5276021, at *2 (9th Cir. 2021) (quoting *ReadyLink*, 754 F.3d at 759 (quoting *Gilberson*, 381 F.3d at 969 n. 4 (*en banc*)) (cleaned up).

**IV.    CONCLUSION**

The Complaint is hereby **DISMISSED** without prejudice. All pending motions are **DENIED.**

**IT IS SO ORDERED.**

DATED:    August 27, 2025

**HON. ROGER T. BENITEZ**
United States District Judge

-4-